Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Rovio Entertainment Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROVIO ENTERTAINMENT CORPORATION,<br><br>*Plaintiff*<br><br>v.<br><br>ALL PRINTED CLOTHES FACTORY STORE, DAJUN CLOTHES STORE, DEHUA BEAUTY RICH ARTS & CRAFTS CO., LTD., DONGGUAN DREAMY TOY CO., LTD., DONGGUAN JIELI PLASTIC TOYS CO.,LTD, DONGGUAN RICH POWER TIN MFG. LTD., DONGGUAN SHANG ZHEN ART GIFTS CO., LTD., DONGGUAN SIYUAN TOY CO., LIMITED, ETST WENDY CHILDREN'S FACTORY OUTLET STORE, ETST WENDY FUNNY STORE, EYEMASK666 STORE, GOLDEN CHILDHOOD01 STORE, GOLDEN CRADLE KIDS STORE, GOLDEN CRADLE STORE, GT COMMANDER STORE, GUANGZHOU CAIDAO INDUSTRIAL CO., LTD., GUANGZHOU KAI RONG INDUSTRIAL CO., LTD., GUANGZHOU TAKU CULTURE MEDIA CO., LTD., GUANGZHOU TOP GLAMOUR COSMETIC CO., LTD., HEARTBEAT PLUSH STORE, HEBEI LINGMOU TRADING CO., LTD., HEY SURPRISE STORE, HIGH QUALITY 847 STORE, HIGH QUALITY 999 STORE, HONGCHENG'S STORE, JEBMQ STORE, JUESEJUJIA STORE, KIDS GAME TSHIRT | **21-cv-7569 (DLC)**<br><br>[PROPOSED]<br>**PRELIMINARY INJUNCTION ORDER** |

FACTORY STORE, LABELZONE OFFICIAL STORE, LL-PLUSH STORE, MIAY'S KIDS ROOM STORE, MR YE. STORE, MUGIVALA FRANCHISED STORE, NANCHANG KEDA STATIONERY GIFTS INDUSTRIAL CO.,LTD, NEW OOPS STORE, NINGBO GMT LEISURE PRODUCTS CO., LTD., OU YIN STORE, OUR WORLD CHILDREN STORE, PANLANDE ACCESSORIES STORE, PARAGLIDING STORE, PERSONALIZEDSHOES STORE, PLEASANT KEYCHAIN STORE, PRINT CLOTHES FACTORY DISCOUNT STORE, PRINTING CHILDREN'S CLOTHES STORE, PUJIANG MINGJIU E-COMMERCE CO., LTD., QUALITY CHILD TOY STORE, QUANZHOU GUANGHE MINGLIANG TRADING CO., LTD., QUANZHOU ORANGE PEEL E-COMMERCE CO., LTD., QUANZHOU YOHO YOHO TRADING CO., LTD., SHANG HAI ROSE STORE, SHANGHAI FUNNYBUDDY CO., LTD., SHANTOU YACHAO TRADING CO., LTD., SHENZHEN NEWJOY TECHNOLOGY CO., LTD., SHENZHEN USMARTALL TECHNOLOGY CO., LTD., SHENZHEN YOKO LABELWORKS LIMITED, SHOP5282050 STORE, SHOP5379093 STORE, SHOP5788211 STORE, SHOP910323284 STORE, SHOP910364092 STORE, SHOP911252065 STORE, SHOP911297209 STORE, SHOP911602222 STORE, SHOP911758373 STORE, SMILING CENTER STORE, SOXTOWN (SHANGHAI) INDUSTRIAL CO., LTD., SUNYDREAMS ANIMATION STORE, TAKE OFF STORE, VANQUISH A DIFFERENT STORE, WANCHEN STORE, WENZHOU HIGH AND LONG CO., LTD., XIAMEN HULI HUANGXIAODUAN PET PRODUCTS STORE, XINXIANG YINGLAIDA IMPORT AND EXPORT TRADING CO., LTD., YANGZHOU TIRIS CRAFTS CO., LTD., YANGZHOU YIYABAO TOYS & GIFTS CO., LTD., YEJIANFEIXING STORE, YIWU BIWEI TRADE CO., LTD., YIWU DONGHONG KNITTING CO., LTD., YIWU HEPIN FOOD CO., LTD., YOUPIN TOY STORE, YOUR DIARY STORE, YULIN JEWELLERY STORE, YUZENGXIANGBABY STORE, ZHEN

| |
|---|
| XIANG TECHNOLOGY CO., LTD., ZHENGHONGKAI03'S STORE and ZHUO JIU STORE, |
| *Defendants* |

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Rovio** | Rovio Entertainment Corporation |
| **Defendants** | All Printed Clothes Factory Store, Dajun clothes Store, Dehua Beauty Rich Arts & Crafts Co., Ltd., Dongguan Dreamy Toy Co., Ltd., Dongguan Jieli Plastic Toys Co.,Ltd, Dongguan Rich Power Tin Mfg. Ltd., Dongguan Shang Zhen Art Gifts Co., Ltd., Dongguan Siyuan Toy Co., Limited, ETST WENDY Children's Factory Outlet Store, ETST WENDY Funny Store, Eyemask666 Store, Golden childhood01 Store, Golden Cradle Kids Store, Golden cradle Store, GT Commander Store, Guangzhou Caidao Industrial Co., Ltd., Guangzhou Kai Rong Industrial Co., Ltd., Guangzhou Taku Culture Media Co., Ltd., Guangzhou Top Glamour Cosmetic Co., Ltd., Heartbeat Plush Store, Hebei Lingmou Trading Co., Ltd., Hey Surprise Store, High quality 847 Store, High quality 999 Store, HongCheng's Store, JEBMQ Store, juesejujia Store, Kids game tShirt Factory Store, labelzone Official Store, LL-plush Store, Miay's Kids Room Store, Mr Ye. Store, MUGIVALA Franchised Store, Nanchang Keda Stationery Gifts Industrial Co.,ltd, NEW OOPS Store, Ningbo GMT Leisure Products Co., Ltd., Ou Yin Store, Our World Children Store, Panlande accessories Store, Paragliding Store, Personalizedshoes Store, Pleasant keychain Store, print clothes factory discount Store, printing children's clothes Store, Pujiang Mingjiu E-Commerce Co., Ltd., Quality child toy Store, Quanzhou Guanghe Mingliang Trading Co., Ltd., Quanzhou Orange Peel E-Commerce Co., Ltd., Quanzhou Yoho Yoho Trading Co., Ltd., Shang hai Rose Store, Shanghai Funnybuddy Co., Ltd., Shantou Yachao Trading Co., Ltd., Shenzhen Newjoy Technology Co., Ltd., Shenzhen Usmartall Technology Co., Ltd., Shenzhen Yoko Labelworks Limited, Shop5282050 Store, Shop5379093 Store, Shop5788211 Store, Shop910323284 Store, Shop910364092 Store, Shop911252065 Store, Shop911297209 Store, Shop911602222 Store, Shop911758373 Store, smiling center Store, Soxtown (Shanghai) Industrial Co., Ltd., Sunydreams Animation Store, take off Store, Vanquish a different Store, WANCHEN Store, Wenzhou High And Long Co., Ltd., Xiamen Huli Huangxiaoduan Pet Products Store, Xinxiang Yinglaida Import And Export Trading Co., Ltd., Yangzhou Tiris Crafts Co., Ltd., Yangzhou Yiyabao Toys & Gifts Co., Ltd., YeJianFeiXing Store, Yiwu Biwei Trade Co., Ltd., Yiwu Donghong Knitting Co., Ltd., Yiwu Hepin Food Co., Ltd., Youpin toy Store, |

| | |
|---|---|
| | Your Diary Store, Yulin JEWELLERY Store, YuZengXiangBaby Store, Zhen Xiang Technology Co., Ltd., Zhenghongkai03's Store and ZHUO JIU Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Addresses** | 55 W 105th Street, Apt. 16, New York, NY, 10025<br>244 Madison Avenue, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Hagelstam Dec.** | Declaration of Robert Hagelstam in Support of Plaintiff's Application |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Angry Birds** | A puzzle video game, where players use a slingshot to launch birds at pigs stationed at various structures with the ultimate goal of destroying all the pigs |
| **Angry Birds Products** | A wide variety of consumer products such as toys, games and apparel associated with and/or related to the Angry Birds Marks |
| **Angry Birds Content** | Various entertainment (including the *Angry Birds Movie* in 2016 and *Angry Birds Movie 2 in 2019*), consumer product in brand licensing and over a dozen different versions, special editions and spin-offs of the Angry Birds game for various platforms |
| **Angry Birds Marks** | U.S. Trademark Registration Nos.: 4,200,545, 4,148,716, and 3,976,576 for "ANGRY BIRDS" for a wide variety of goods in Classes 8, 9, 16, 20, 21, 25, 30, 36 and 41; U.S. Trademark Registration Nos. 6,331,350, 4,252,003, |

4,145,113 and 3,988,064 for , for a wide variety of goods in Classes 3, 9, 14, 16, 18, 21, 24, 25, 28, 30, 32, 33, 34, 35, 36, 38, 41 and 43; U.S. Trademark Registration No. 4,493,031 for , for a wide variety of goods in Classes 9, 16, 18, 20, 23, 28 and 41; U.S. Trademark Registration No. 4,489,982 for , for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 35, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; U.S. Trademark Registration No, 4,489,981 for for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; U.S. Trademark Registration No. 4,489,980 for for a wide variety of goods in Classes 9, 16, 28 and 41; U.S. Trademark Registration No. 4,489,979 for for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; U.S. Trademark Registration No. 4,486,763 for for a wide variety of goods in Classes 9, 16, 18, 25, 28, 30, 32, 36 and 41; U.S. Trademark Registration No. 4,486,762 for for goods in Class 28; U.S. Trademark Registration No. 4,545,679 for for a wide variety of goods in Classes 9, 16, 28

| | |
|---|---|
| | and 43; U.S. Trademark Registration No. 4,545,680 for ![mark] for a wide variety of goods in Classes 9, 16, 18, 20, 28 and 41; U.S. Trademark Registration No. 4,697,586 for ![mark] for a wide variety of goods in classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; U.S. Trademark Registration No. 4,843,434 for ![mark] for a wide variety of goods in classes 3, 5, 9, 14, 16, 18, 20, 21, 24, 25, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; U.S. Trademark Registration No. 4,683,222 for ![mark], for a wide variety of goods in classes 9, 14, 16, 18, 20, 21, 24, 25, 28, 35, 38 and 41; U.S. Trademark Registration No. 4,493,055 for ![mark], for a wide variety of goods in Classes 9, 16, 28 and 41; U.S. Trademark Registration No. 4,557,817 for ![mark], for a wide variety of goods in Classes 9, 16, 25, 28 and 41; U.S. Trademark Registration No. 4,946,692 for "HOCKEYBIRD", for a wide variety of goods in classes 16, 24 and 25; U.S. Trademark Registration No. 4,829,609 for "ANGRY" for a variety of goods in Classes 9 and 28; U.S. Trademark Registration No. 4,152,185 for "MIGHTY EAGLE", for a wide variety of goods in Class 28; U.S. Trademark Registration No. 4,162,825 for "BAD PIGGIES", for a wide variety of goods in Class 9 and U.S. Trademark No. 4,607,595 for "ROVIO", for a wide variety of goods in classes 9, 16, 28, 35, 36, 38 and 41 |
| **Counterfeit Products** | Products bearing or used in connection with the Angry Birds Marks, and/or products in packaging and/or containing labels bearing the Angry Birds Marks, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Angry |

iv

| | |
|---|---|
| | Birds Marks and/or products that are identical or confusingly or substantially similar to the Angry Birds Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on September 10, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on September 10, 2021, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on October 14, 2021 at 2:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on September 30, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the September 23, 2021 Order on each and every Defendant, except Defendants Kids game tShirt Factory Store and Xinxiang Yinglaida Import And Export Trading Co., Ltd. *defendant Xinxiang Ying Laida I and E Trading Co was served on 10/13/21.*

WHEREAS, on October 14, 2021 at 2:00 p.m. Plaintiff appeared at the Show Cause Hearing, however no Defendants appeared.

### ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final determination of this action:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in

1

        Counterfeit Products or any other products bearing the Angry Birds Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Angry Birds Marks;

ii. directly or indirectly infringing in any manner Plaintiff's Angry Birds Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Angry Birds Marks, to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Angry Birds Marks or any other marks that are confusingly similar to the Angry Birds Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or

(ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

 vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

 viii. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final determination of this action:

 i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

 ii. secreting, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and

                Defendants' Financial Accounts; and

       iii.    knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs 1(i) through 1(vii) above and 1(b)(i) through 1(b)(ii) above and 1(c)(i) below.

  c) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final determination of this action:

       i.    Providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

       ii.    knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(i) through 1(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

  a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of the litigation, including that:

4. Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   a) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert and participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   b) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts including, but not limited to, documents and records relating to:

   i. account numbers;

   ii. current account balances;

   iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited

5

        to, names, addresses and contact information;

   iv.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v.   any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

   vi.   any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

   vii.   any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

c) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i.   any and all User Accounts and Defendants' Merchant Storefronts and account

        details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Angry Birds Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Angry Birds Marks.

5. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on Defendants if it is completed by any of the following means:

    a) delivery of: (i) a PDF copy of this Order or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication

7

through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

7. As sufficient cause has been shown, service of this Order may be made on the Third Party Service Providers and Financial Institutions by any of the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order; or (ii) a link to a secure website where AliPay.com Co., Ltd, Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

   c) delivery of: (i) a PDF copy of this Order; or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms.Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail

8

        to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

    e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal@pingpongx.com.

8. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

9. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

10. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

11. Any Defendants or other person or entity subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 14th day of October, 2021, at 2:00 p.m.
New York, New York

                                             HON. DENISE L. COTE
                                             UNITED STATES DISTRICT JUDGE